**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM POLAND ) <br> IN THE MATTER OF ) <br> GRAZYNA TARACH ) | Misc. No. 06- |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Polish authorities seek information from a company in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person

appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 3/31/06

*Oblong stamp:*
District Public Prosecutor's Office in Warsaw
Preliminary Proceedings Section
ul. Chocimska 28
00-791 WARSAW

Warsaw, on 16th September 2005

**1 Dsn Oz 465/05/1**

## REQUEST FOR LEGAL ASSISTANCE
## IN A CRIMINAL MATTER

The Regional Public Prosecutor's Office in Warszawa-Śródmieście is conducting proceedings, reference number 6 Ds. 3014/04/II, in the matter of Grażyna Tarach, Szczepan Bartosiak and Jerzy Pawłowski leading Waldemar Wolski to disadvantageous disposal of his property in the form of money in the amount of USD 400,000 on 16th July 2001 in Warsaw, misleading him by assurances that they were arranging for a financial loan in the amount of USD 20,000,000 for the purchase of an office building located at ulica Powazkowska in Warsaw, that is an act under article 286 section 1 of the Polish Penal Code in conjunction with article 294 section 1 of the Polish Penal Procedure.

In the course of the proceedings it has been established that Waldemar Wolski, running a business activity consisting in the real estate trade, found out about an opportunity to purchase an office building at ulica Powązkowska in Warsaw. As he was interested in the transaction, he started looking for possible sources of its financing. He established contact with the company "Adam i Ryszard" (*Adam&Ryszard* - hereafter called AiR) with its registered office at ulica Żwirki i Wigury 17/42 in Warsaw. The company was represented by Grażyna Tarach, Szczepan Bartosiak and Jerzy Pawłowski. Moreover, Szczepan Bartosiak was also a representative of the company Mining Minerals Corporation Ltd. According to the wronged, the above-referenced persons made a proposal to finance the purchase of the building by forming a joint-venture with the company Mining Minerals Corporation Ltd. The building was supposed to be purchased by means of taking over its previous owner, the Irydion company. The undertaking was to be arranged trough the agency of foreign banks, after Waldemar Wolski had paid the amount of USD 400,000. On 12th July 2001 a joint venture contract was signed between Mining Minerals Corporation Ltd. and Waldemar Wolski (the wronged undertook to cover the costs of initial financing in the amount of USD 400,000; and Mining Minerals Corporation Ltd. undertook to transfer to Waldemar Wolski's account the amount of USD 2,000,000 as a security deposit for his purchase of a part of shares in the Irydion company). On the same day Waldemar Wolski also signed a contract with the AiR company where it undertook to return the amount paid in by the wronged in case that Mining Minerals Corporation Ltd. did not meet the obligations of the joint venture contract. Before that, on 6th July 2001, the AiR company signed a joint venture contract with United Capital Reserve Inc. in order to arrange for the bank guarantee given by Banco do Brasil. According to the concluded contracts, on 16th July 2001 Waldemar Wolski made two money transfers; the first one in the amount of USD 300,000 to the Swiss account of Interbest Consultants Ltd. and the second one in the amount of USD 100,000 to the account of the same company in Greece. Following this transaction the wronged expected the promised USD

2,000,000 to be transferred into his account. In this matter he sent reminders to the AiR company and to the agent of this transaction, United Capital Reserve Inc, seated in the United States of America. However, he neither succeeded in regaining the paid-in sums nor was granted a loan.

In the present matter it is highly likely that Waldemar Wolski fell victim to a fraud and his losses on this account amount to USD 400,000.

On 26th August 2005 District Public Prosecutor's Office in Warsaw sent an inquiry in this matter to the Consulate General of the Republic of Poland in New York regarding United Capital Reserve Inc. According to the response received, the company was established on 19th January 2001 by the agent, Corporate Consulting Ltd. It was impossible to obtain more detailed information through the agency of the Consulate.

Therefore, District Public Prosecutor's Office in Warsaw kindly requests you to forward the following data regarding the company:

**UNITED CAPITAL RESERVE, Inc**
**701, Repner Road**
**Wilmington, DE, 19810**

and

**CORPORATE CONSULTING Ltd. (no further details):**

- date of the company's establishment and possible dissolution,
- particulars of the founder(s) and members of the authorities of the above-referenced companies,
- types of their business,
- detailed information regarding possible changes in the ownership structure of the above-referenced company.

With best regards,

**Deputy District Public Prosecutor**
**in Warsaw**
**Edyta Petryna**
*(-) illegible signature*

*Round official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim: "District Public Prosecutor's Office in Warsaw *2*"*



EXCERPT

from the regulations of the Polish Penal Code, Law as of 6th June 1997
(Journal of Laws as of 2nd August 1997, number 88,
item 553 with subsequent amendments)

Article 286, section 1

Any person who, in order to gain material benefit, causes another person to disadvantageously deal with his/her property or someone else's property by misleading the person or taking advantage of his/her mistake or inability to understand properly the activity undertaken shall be liable to a penalty of imprisonment for a period not shorter than 6 months and not longer than 8 years.

Article 294, section 1

Any person who commits any of the crimes as referred to in article 278, section 1 or 2, or article 284, section 1 or 2, or article 285, section 1, or article 286, section 1, or article 287, section 1, or article 288, section 1 or 3, or article 291, section 1 against a property of substantial value shall be liable to imprisonment for a period not shorter than one year and not longer than 10 years.

Article 101, section 1

A crime ceases to be punishable upon the expiration of the following periods since it has been committed:
1) 30 years – if it is homicide;
2) 20 years – if it is any other serious crime;
2a) 15 years – if it is a misdemeanor, punishable by imprisonment for more than 5 years;
3) 10 years – if it is a misdemeanor, punishable by imprisonment for more than 3 years;
4) 5 years – if it is any other misdemeanor.

5) 3 years - if it is punishable by restriction of freedom or by a fine.

**FOR CONFORMITY**

*Oblong stamp:*
PUBLIC PROSECUTOR
OF THE DISTRICT PUBLIC PROSECUTOR'S OFFICE
in Warsaw
Lidia Mucha, LLM
*/-/ illegible signature*

*Official round stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:*
"DISTRICT PUBLIC PROSECUTOR'S OFFICE IN WARSAW *2*"

*Repertory no. 398/2005*

*I, the undersigned, Julita Jarzębowska, sworn translator of the English language for the District Court of the City of Płock, hereby certify that the above text is a true and complete translation of the original Polish document.*

*Warsaw, 3rd October 2005*

*Julita Jarzębowska*



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM POLAND )
IN THE MATTER OF ) Misc No. 06-
GRAZYNA TARACH )

ORDER

     Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

     **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

     1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

     2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

     3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court

in Poland, which procedures may be specified in the request or provided by the Polish authorities;

   4. seek such further orders of this Court as may be necessary to execute this request; and

   5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

   IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

   Dated: This _____ day of _____, 2006.


               _____
               United States District Court Judge